IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

NOVOZYMES A/S and
NOVOZYMES NORTH AMERICA, INC.,

                                                              ORDER
                           Plaintiffs,

                                                              10-cv-251-bbc
            v.

DANISCO A/S,
GENECOR INTERNATIONAL WISCONSIN, INC.,
DANISCO US INC. and DANISCO USA INC.,

                           Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

　　　One of the motions in limine filed by defendants Danisco A/S, Genecor International

Wisconsin, Inc., Dansico US Inc. and Danisco USA Inc. was to clarify the construction of

the term "isolated variant."  Dkt. #537.  In particular, defendants argued that variant must

be (1) sufficiently separated to make it easier to identify and recover and (2) separated from

other cellular materials.

　　　At the final pretrial conference, I tentatively agreed with defendants at least with

respect to their first argument.  On reflection, however, I am concerned that the parties'

arguments were not grounded in the patent itself or other evidence normally used to aid in

1

claim construction.  Instead, the parties seemed to be more interested in performing an exegesis of the summary judgment opinion and dissecting the process performed by the accused products.  Of course, the operation of the accused products is irrelevant to determining the proper interpretation of the patent.  Further, although I provided a partial construction of the term "isolated variant" in the summary judgment opinion, the purpose of doing so was to resolve the immediate dispute in front of the court, not to provide a universal definition of the term for contexts that could not be foreseen at the time.

Accordingly, before I rule definitively on this motion, I would like the parties to think more about a proper construction, focusing on the language in the patent and other intrinsic evidence rather than on the accused products or the language of the summary judgment opinion.  To be clear, I am not seeking a motion to reconsider the ruling in the summary judgment opinion that "isolated" means "separated."  Rather, the parties should file supplemental briefs addressing the question at issue:  the extent to which the variant must be separated in order to be "isolated" within the meaning of the '723 patent.

ORDER

IT IS ORDERED that each side may have until October 13, 2011, to file a supplemental brief on the proper construction of the term "isolated variant" in the '723

2

patent.

Entered this 7th day of October, 2011.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge