IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| NOVOZYMES A/S and NOVOZYMES NORTH AMERICA, INC.,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>DANISCO A/S, GENENCOR INTERNATIONAL WISCONSIN, INC., DANISCO US INC., and DANISCO USA INC.,<br><br>　　　　　Defendants. | Case No. 10-CV-251<br><br>Judge Barbara C. Crabb |

**NOVOZYMES' AMENDED PROPOSED VERDICT FORMS**

In light of the Court's decision at the Pretrial Conference to break the liability phase of the trial into two parts, plaintiffs Novozymes A/S and Novozymes North America, Inc. (collectively, "Novozymes") hereby submit Novozymes' Amended Proposed Verdict Forms – 1, – 2, and – 3.[1]

---

[1] For the reasons explained in Novozymes' Motion *in Limine* No. 1 and during the Pretrial Conference, the issue of derivation should not be presented to the jury for decision at all and should certainly not be presented to the jury for decision if the jury finds that the specification of the '723 patent satisfies the written description requirement.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

NOVOZYMES A/S and NOVOZYMES
NORTH AMERICA, INC.,

        Plaintiffs,

  v.

DANISCO A/S, GENENCOR
INTERNATIONAL WISCONSIN, INC.,
DANISCO US INC., and DANISCO USA
INC.,

        Defendants.

Case No. 10-CV-251

Judge Barbara C. Crabb

**VERDICT FORM - 1**

       We, the jury, find as follows:

       **Question No. 1:** Has Novozymes proven by a preponderance of the evidence that Danisco's Whole Broth products meet the "isolated variant" requirement and therefore infringe claims 1–5, 8–13 and 15–16 of the '723 patent?

       **Answer:** Yes _____ No _____

2

**Question No. 2:** Has Danisco proven by clear and convincing evidence that the specification of the '723 patent does not contain an adequate written description for any of the following claims of the '723 patent:

**Answer:**

| | | |
|---|---|---|
| Claim 1 | Yes (invalid) \_\_\_\_\_ | No (valid) \_\_\_\_\_ |
| Claim 2 | Yes (invalid) \_\_\_\_\_ | No (valid) \_\_\_\_\_ |
| Claim 3 | Yes (invalid) \_\_\_\_\_ | No (valid) \_\_\_\_\_ |
| Claim 4 | Yes (invalid) \_\_\_\_\_ | No (valid) \_\_\_\_\_ |
| Claim 5 | Yes (invalid) \_\_\_\_\_ | No (valid) \_\_\_\_\_ |
| Claim 6 | Yes (invalid) \_\_\_\_\_ | No (valid) \_\_\_\_\_ |
| Claim 7 | Yes (invalid) \_\_\_\_\_ | No (valid) \_\_\_\_\_ |
| Claim 8 | Yes (invalid) \_\_\_\_\_ | No (valid) \_\_\_\_\_ |
| Claim 9 | Yes (invalid) \_\_\_\_\_ | No (valid) \_\_\_\_\_ |
| Claim 10 | Yes (invalid) \_\_\_\_\_ | No (valid) \_\_\_\_\_ |
| Claim 11 | Yes (invalid) \_\_\_\_\_ | No (valid) \_\_\_\_\_ |
| Claim 12 | Yes (invalid) \_\_\_\_\_ | No (valid) \_\_\_\_\_ |
| Claim 13 | Yes (invalid) \_\_\_\_\_ | No (valid) \_\_\_\_\_ |
| Claim 14 | Yes (invalid) \_\_\_\_\_ | No (valid) \_\_\_\_\_ |
| Claim 15 | Yes (invalid) \_\_\_\_\_ | No (valid) \_\_\_\_\_ |
| Claim 16 | Yes (invalid) \_\_\_\_\_ | No (valid) \_\_\_\_\_ |
| Claim 17 | Yes (invalid) \_\_\_\_\_ | No (valid) \_\_\_\_\_[2] |

---

[2] Novozymes contends that Danisco is not entitled to ask the jury for a finding of invalidity on unasserted claims 6–7, 14 and 17.

**Question No. 3:** Has Danisco proven by clear and convincing evidence that any of the following claims of the '723 patent is not enabled?

**Answer:**

| | | |
|---|---|---|
| Claim 1 | Yes (invalid) _____ | No (valid) _____ |
| Claim 2 | Yes (invalid) _____ | No (valid) _____ |
| Claim 3 | Yes (invalid) _____ | No (valid) _____ |
| Claim 4 | Yes (invalid) _____ | No (valid) _____ |
| Claim 5 | Yes (invalid) _____ | No (valid) _____ |
| Claim 6 | Yes (invalid) _____ | No (valid) _____ |
| Claim 7 | Yes (invalid) _____ | No (valid) _____ |
| Claim 8 | Yes (invalid) _____ | No (valid) _____ |
| Claim 9 | Yes (invalid) _____ | No (valid) _____ |
| Claim 10 | Yes (invalid) _____ | No (valid) _____ |
| Claim 11 | Yes (invalid) _____ | No (valid) _____ |
| Claim 12 | Yes (invalid) _____ | No (valid) _____ |
| Claim 13 | Yes (invalid) _____ | No (valid) _____ |
| Claim 14 | Yes (invalid) _____ | No (valid) _____ |
| Claim 15 | Yes (invalid) _____ | No (valid) _____ |
| Claim 16 | Yes (invalid) _____ | No (valid) _____ |
| Claim 17 | Yes (invalid) _____ | No (valid) _____ [3] |

---

[3] Novozymes contends that Danisco is not entitled to ask for a finding of invalidity on unasserted claims 6–7, 14 and 17. Novozymes also contends that Danisco is not entitled to ask for a finding of lack of enablement on claim 16.

Dated this _____ day of _____, 2011.

                                                                                  _____
                                                                                  Presiding Juror

Case: 3:10-cv-00251-bbc Document #: 694 Filed: 10/16/11 Page 5 of 9

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

NOVOZYMES A/S and NOVOZYMES
NORTH AMERICA, INC.,

        Plaintiffs,

v.

DANISCO A/S, GENENCOR
INTERNATIONAL WISCONSIN, INC.,
DANISCO US INC., and DANISCO USA
INC.,

        Defendants.

Case No. 10-CV-251

Judge Barbara C. Crabb

**VERDICT FORM – 2**

We, the jury, find as follows:

**Question No. 1:** Has Danisco proven by clear and convincing evidence that Novozymes derived the invention claimed in any of the following claims of the '723 patent from Danisco?

**Answer:**

| | | |
|---|---|---|
| Claim 1 | Yes (invalid) _____ | No (valid) _____ |
| Claim 2 | Yes (invalid) _____ | No (valid) _____ |
| Claim 3 | Yes (invalid) _____ | No (valid) _____ |
| Claim 4 | Yes (invalid) _____ | No (valid) _____ |
| Claim 5 | Yes (invalid) _____ | No (valid) _____ |
| Claim 6 | Yes (invalid) _____ | No (valid) _____ |
| Claim 7 | Yes (invalid) _____ | No (valid) _____ |
| Claim 8 | Yes (invalid) _____ | No (valid) _____ |
| Claim 9 | Yes (invalid) _____ | No (valid) _____ |
| Claim 10 | Yes (invalid) _____ | No (valid) _____ |

   Claim 11  Yes (invalid) \_\_\_\_\_   No (valid) \_\_\_\_\_

   Claim 12  Yes (invalid) \_\_\_\_\_   No (valid) \_\_\_\_\_

   Claim 13  Yes (invalid) \_\_\_\_\_   No (valid) \_\_\_\_\_

   Claim 14  Yes (invalid) \_\_\_\_\_   No (valid) \_\_\_\_\_

   Claim 15  Yes (invalid) \_\_\_\_\_   No (valid) \_\_\_\_\_

   Claim 16  Yes (invalid) \_\_\_\_\_   No (valid) \_\_\_\_\_

   Claim 17  Yes (invalid) \_\_\_\_\_   No (valid) \_\_\_\_\_ [4]

   Dated this \_\_\_\_\_ day of _____, 2011.

                 _____

                 Presiding Juror

---

[4] Novozymes contends that Danisco is not entitled to ask the jury for a finding of invalidity on unasserted claims 6–7, 14 and 17.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

NOVOZYMES A/S and NOVOZYMES NORTH AMERICA, INC.,

       Plaintiffs,

v.

DANISCO A/S, GENENCOR INTERNATIONAL WISCONSIN, INC., DANISCO US INC., and DANISCO USA INC.,

       Defendants.

Case No. 10-CV-251

Judge Barbara C. Crabb

**VERDICT FORM - 3**

We, the jury, find as follows:

**Question No. 1:** What amount of money damages has Novozymes proven by a preponderance of the evidence is adequate to compensate Novozymes for Danisco's infringement of the '723 patent?

    **Answer:** $_____

**Question No. 2:** Has Novozymes proven by clear and convincing evidence that Danisco's infringement of the '723 patent was willful?

    **Answer:** Yes \_\_\_\_\_ No \_\_\_\_\_

Dated this \_\_\_\_\_ day of _____, 2011.

_____
Presiding Juror

8

Dated:  October 16, 2011               Respectfully submitted,


By: s/*Ewa M. Davison*
    David K. Tellekson (Admitted *pro hac vice*)
    Virginia K. DeMarchi (Admitted *pro hac vice*)
    Brian D. Buckley (Admitted *pro hac vice*)
    Robert L. Jacobson (Admitted *pro hac vice*)
    Melanie L. Mayer (Admitted *pro hac vice*)
    Ewa M. Davison (Admitted *pro hac vice*)
    Jeffrey V. Lasker (Admitted *pro hac vice*)
    FENWICK & WEST LLP
    1191 Second Avenue, 10th Floor
    Seattle, Washington 98101
    Telephone:  (206) 389-4510
    Facsimile:  (206) 389-4511
    Email:  dtellekson@fenwick.com
           vdemarchi@fenwick.com
           bbuckley@fenwick.com
           rjacobson@fenwick.com
           mmayer@fenwick.com
           edavison@fenwick.com
           jlasker@fenwick.com

    Allen A. Arntsen
    Foley & Lardner LLP
    Verex Plaza, 150 East Gilman Street
    Madison, WI 53703
    Telephone:  (608) 257-5035
    Facsimile:   (608) 258-4258
    Email:  aarntsen@foley.com

    Kimberly K. Dodd
    Foley & Lardner LLP
    777 East Wisconsin Avenue
    Milwaukee, WI 53202
    Telephone:  (414) 271-2400
    Facsimile:  (414) 297-4900
    Email:  kdodd@foley.com

    Attorneys for Plaintiffs
    NOVOZYMES A/S and
    NOVOZYMES NORTH AMERICA, INC.